# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY, and WESTERN SURETY COMPANY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-01848-TWP-DML ) |
| CONSTRUCT SOLUTIONS, INC., an Indiana Corporation, JOSHUA D.M. GLASSBURN individually, and CS ROOFS, INC., an Indiana Corporation, | ) ) ) ) ) ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

Plaintiffs Continental Casualty Company and Western Surety Company (collectively, "Plaintiffs"), filed this action alleging that Defendants Construct Solutions, Inc. ("CSI"), Joshua D.M. Glassburn ("Glassburn"), and CS Roofs, Inc. ("CS Roofs") (collectively, "Defendants"), have breached a General Agreement of Indemnity ("Indemnity Agreement"). (Filing No. 1.) Plaintiffs have moved for summary judgment on all of their claims, and Defendants have not filed a response. For the reasons that follow, Plaintiffs' Motion for Summary Judgment (Filing No. 54) is **granted**.

## I. BACKGROUND

CSI was a commercial roofing company that provided roofing services, including construction, installation, and repair. (Filing No. 16 at 2.) CSI entered into various roofing contracts that required surety bonds guaranteeing that CSI would perform the work and pay its subcontractors and material suppliers. (Filing No. 55-2 at 2.) Plaintiffs issued the required surety bonds ("the Bonds") on the projects on the condition that CSI and Glassburn enter into an

Indemnity Agreement. ([Filing No. 55-1 at 1](#).) CSI and Glassburn entered into such an agreement, which indemnifies Plaintiffs from any losses they incur under the Bonds. ([Filing No. 55-1 at 1](#).) Under the terms of the Indemnity Agreement, CSI and Glassburn agreed to (1) indemnify and hold Plaintiffs harmless from and against every "claim, demand, liability, cost, charge, suit, judgment, and expense which the [Plaintiffs] may pay or incur in consequence of having executed…such bonds…including, but not limited, to fees of attorneys…all expense attendant to such investigation is included as an indemnified expense;" (2) post collateral upon Plaintiffs' demand to cover any losses, contingent or otherwise; and (3) provide open access to their books and records. ([Filing No. 55-4 at 7](#).)

Plaintiffs have received numerous claims on the Bonds, ([Filing No. 55-5 at 2](#)), and have made claim payments on the Bonds in the total amount of $1,738,275.09 to various claimants. ([Filing No. 55-5 at 3.](#)) Plaintiffs have received recoveries in the amount of $247,422.73 with a net loss on the Bond claim payments in the amount of $1,490,852.36. ([Filing No. 55-5 at 3](#).) Plaintiffs have also incurred attorney and consultant expenses in the amount of $132,058. ([Filing No. 55-5 at 3](#).) Additionally, Plaintiffs have estimated contingent future losses in the amount of $724,398. ([Filing No. 55-5 at 3](#).) By letter dated September 9, 2015, Plaintiffs notified Defendants that they had incurred losses on the Bonds and expected to incur additional losses. ([Filing No. 55-3 at 13](#).) Plaintiffs requested that Defendants indemnify Plaintiffs, post collateral, and otherwise hold Plaintiffs harmless, as required by the Indemnity Agreement. ([Filing No. 55-4 at 13](#).) As of November 30, 2016, Defendants have not indemnified Plaintiffs, posted collateral, or otherwise held the Plaintiffs harmless. ([Filing No. 55-1 at 3](#).)

On May 8, 2012, just over a year after CSI and Glassburn signed the Indemnity Agreement, Glassburn formed and incorporated CS Roofs, Inc. ([Filing No. 16 at 7](#).) CS Roofs, like CSI, is a

commercial roofing company that provides roofing services, including roof construction, installation, and repair. (Filing No. 1 at 2.) CS Roofs is a company that was started and solely owned by Defendant and indemnitor Glassburn. (Filing No. 16 at 7.) CSI's employees, owners, or agents controlled the management of operations of CSI and CS Roofs. (Filing No. 16 at 7.) Glassburn is the president, registered agent, and sole owner of both CSI and CS Roofs. (Filing No. 16 at 7-8.) CSI and CS Roofs were both operated from the same location at 5421 West 84th Street, Indianapolis, Indiana 46268. (Filing No. 16 at 8.) CSI assumed the trade name of CS Roofs on October 7, 2013. (Filing No. 16 at 8.) In early 2015, CSI ceased operations, including its work on the projects that Plaintiffs bonded. (Filing No. 16 at 8.) On March 27, 2015, at the same time that CSI stopped working on the projects the Bonds were issued for, CS Roofs assumed the trade name of Construct Solutions. (Filing No. 16 at 8.)

Plaintiffs filed their Complaint in this Court on November 23, 2015, raising a breach of contract claim, and requesting specific performance, indemnity, exoneration, and a declaration to pierce the corporate veil. (Filing No. 1.) Plaintiffs filed the instant Motion for Summary Judgment, to which Defendants did not respond. (Filing No. 53.) During the pendency of these proceedings, Glassburn filed a Chapter 11 action in the United States Bankruptcy Court, which is now pending in the Southern District of Indiana. (Filing No. 63.) As such, all proceedings as to Glassburn are stayed, but proceedings against the other two Defendants proceed. (Filing No. 64.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the

record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation omitted).

The Court views the designated evidence in the light most favorable to Defendants, as the nonmoving party, and draws all reasonable inferences in their favor. *Bright v. CCA*, 2013 WL 6047505, at *3 (S.D. Ind. Nov. 14, 2013).

### III. DISCUSSION

Plaintiffs have moved for summary judgment on all of their claims against Defendants. ([Filing No. 54](.)) Defendants have failed to respond to Plaintiffs' Motion. As such, pursuant to

4

Local Rule 56-1(f), any facts cited by Plaintiffs that are supported by admissible evidence are deemed admitted. *See* L.R. 56-1(f)(1). And the law is clear in the Seventh Circuit that a party waives arguments not presented to the district court in response to summary judgment motions. *See Laborers' Int'l Union v. Caruso*, 197 F.3d 1195, 1197 (7th Cir. 1999). Because this action is brought under the Court's diversity jurisdiction, the Court applies the substantive law of Indiana, the forum state, in deciding this Motion for Summary Judgment. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.2d 630, 634 (7th Cir. 2001).

**A.     Breach of Contract**

Plaintiffs cite admissible evidence to establish that they have defended against and made payments on Bond claims covered by the Indemnity Agreement. Defendants have not disputed this allegation, and they have not contended that the Indemnity Agreement does not apply or is otherwise unenforceable. Plaintiffs have also argued, with citation to admissible evidence, that they have fully performed all conditions, obligations, and duties required by the Agreement. As this contention is also undisputed, the Court concludes that no genuine dispute of material fact exists as to whether Defendants have breached the Indemnity Agreement.

The Court therefore grants Plaintiffs' Motion for Summary Judgment as to Count 1 of the Complaint.

Plaintiffs argue that they have suffered a $1,490,852.36 net loss in uncompensated Bond payments, as well as $132,058.00 in attorney and consultant expenses covered by the Indemnity Agreement. (Filing No. 55-5 at 3.) As evidence of the amount of damages suffered, Plaintiffs have provided records of payment and the affidavit of Jerome Gardocky, Plaintiffs' representative authorized to handle and settle claims and lawsuits arising out of their surety bonds. (Filing No.

5

55-5.) Defendants do not dispute these amounts or argue that Plaintiffs acted in bad faith incurring costs.

Therefore, the Court concludes that the amount of compensation owed to Plaintiffs is $1,622,910.36.

**B.** **Specific Performance of Collateral Deposit**

Plaintiffs argue, and Defendants do not dispute, that Defendants are required to post collateral under the terms of the Indemnity Agreement. (Filing No. 1-2.) Plaintiffs contend that they face future liability in the amount of $724,398.00, and that figure is uncontested by Defendants. As such, the Court **grants** Plaintiffs' Motion for Summary Judgment as to specific performance of the collateral deposit and **orders** Defendants to post collateral in the amount of $724,398.00.

**C.** **Specific Performance to Provide Access to Books and Records**

The Indemnity Agreement also requires Defendants to provide Plaintiffs access to their books and records at any and all reasonable times. Defendants do not dispute that they have refused to provide such access. Accordingly, the Court **grants** Plaintiffs' Motion for Summary Judgment as to this claim and **orders** Defendants to provide access to their books and records pursuant to the terms of the Indemnity Agreement.

**D.** **Successor Liability**

Plaintiffs request that the Court conclude that Defendant CS Roofs is a successor company of Defendant and indemnitor CSI, and therefore that CS Roofs is also liable for Plaintiffs' losses under the Indemnity Agreement. (Filing No. 54 at 12.) Plaintiffs contend that the Indemnity Agreement contemplates successor liability, and that at common law, CS Roofs is a *de facto* merger of CSI or a mere continuation of CSI. (Filing No. 54 at 12.)

Under Indiana law, a successor company may be found liable for the obligations of its predecessor if it is "a de facto consolidation or merger" or where the successor is a "mere continuation of the seller." *Sorenson v. Allied Prod. Corp.*, 706 N.E.2d 1097, 1099 (Ind. Ct. App. 1999). Indiana courts look to the following factors to determine whether a *de facto* merger or continuation has occurred: "(1) continuity of ownership; (2) continuity of management, personnel, and physical operation; (3) cessation of ordinary business and dissolution of the predecessor as soon as practically and legally possible; and (4) assumption by the successor of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the predecessor." *Sorenson*, 706 N.E.2d at 1100.

According to Plaintiffs' uncontested facts, Glassburn owns both CSI and CS Roofs. ([Filing No. 16 at 7-8](#).) There exists a continuity of ownership, satisfying the first factor. Glassburn was the President of both CSI and CS Roofs, and the entities were both operated from the same location, thereby establishing a continuity of management and location under the second factor. ([Filing No. 16 at 7-8](#)). CSI dissolved operations in early 2015, prior to the formation of CS Roofs. ([Filing No. 16 at 8](#); [Filing No. 55-2 at 3](#)). And the entities adopted each other's trade names and provided the same roofing services. ([Filing No. 16 at 7](#).) These uncontested facts are sufficient to establish that CS Roofs constitutes a *de facto* merger with CSI, and therefore is liable as a successor company to amounts owed under the Indemnity Agreement.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is **GRANTED** in their favor and against Defendants Construct Solutions, Inc. and CS Roofs, Inc. Defendants are **ORDERED** to pay Plaintiffs an award of damages in the amount of $1,622,910.36. Pursuant to the specific performance remedies ordered by the Court, Defendants are also **ORDERED** to post

7

collateral in the amount of $724,398.00 and to provide Plaintiffs with access to Defendants' books and records. Plaintiffs are **GRANTED** post-judgment interest on their damages award.

Final judgment will issue under separate order.

**SO ORDERED.**

Date: 5/19/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin Dale Koons
KROGER GARDIS & REGAS LLP
kdk@kgrlaw.com

Jennifer L. Watt
KROGER GARDIS & REGAS LLP
jwatt@kgrlaw.com

John J. Allman
HESTER BAKER KREBS LLC
jallman@hbkfirm.com

Christopher E. Baker
HOSTETLER & KOWALIK PC
cbaker@hbkfirm.com

Jeffrey Michael Hester
TUCKER HESTER KREBS LLC
jhester@hbkfirm.com